**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CYNTHIA J. WESTON, as Trustee for** | : | |
| **the CYNTHIA J. WESTON** | : | |
| **REVOCABLE TRUST,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | 5:04CV416 (DF) |
| | : | |
| **TONY H. TOWSON,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**O R D E R**

Plaintiff Cynthia J. Weston, in her capacity as trustee for the Cynthia J. Weston Revocable Trust, filed this action against Defendant Tony H. Towson on December 14, 2004 (tab 1).  Nine days later, Weston filed a motion for summary judgment, which the Court denied as premature under Rule 56 of the Federal Rules of Civil Procedure.  Weston thereafter refiled her summary-judgment motion, which is currently pending before the Court.  Because Weston has failed to show that she is entitled to judgment as a matter of law, her motion is **DENIED.**

**I.     FACTS**

Back in November 1999 Weston contracted to purchase from Towson a mobile-home park located in Macon, Georgia.  She agreed to pay Towson $200,000 for the property and signed a promissory note and a security deed to that effect.  Somewhere along the way things turned sour between the two and, in February 2001, Weston sued

Towson, asserting claims for breach of contract and fraud.  *See **Weston v. Towson***, 5:01-cv-89 (HL) (M.D. Ga. 2001).  Towson counterclaimed in response, alleging that Weston was in default on the note.  About six months later, after participating in mediation, the parties represented to the Court that they had reached a settlement.  The Court entered a conditional Order of dismissal stating that:

> The Court has been advised by counsel for the parties that the above action has been settled.  **IT IS, THEREFORE, ORDERED** that the action be dismissed without costs other than those due this court and without prejudice to the right, upon good cause shown within ninety (90) days, to reopen the action if settlement is not consummated.  If the action is not reopened, it shall stand dismissed, with prejudice.[1]

***Weston***, 5:01-cv-89 (HL) (Aug. 29, 2001) (tab 9).

According to the Court's Order, the parties had until November 29, 2001 either to reopen the case or risk having it dismissed with prejudice.  The Court later extended this deadline to December 18.  Neither party moved to reopen the case.  As a result, the case was dismissed with prejudice.

Weston now wants to sell the property in question, but cannot obtain marketable title because Towson has not canceled the security deed.  The parties disagree about whether they in fact reached a binding settlement in 2001.  Towson argues that they did; Weston that they did not.  According to Towson, the terms of the settlement obligated (and continue to obligate) Weston to pay $100,000 of the original note in exchange for a release of all claims.  Weston, for her part, insists that a settlement was never consummated and

---

[1] The parties did not file a stipulated dismissal as contemplated by Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.  But such a filing is not necessary where the parties have otherwise indicated to the Court that a settlement has been reached.  *See **Oswalt v. Scripto, Inc.***, 616 F.2d 191, 195 (5th Cir. 1980).

that, in any event, the 2001 dismissal effectively extinguished any debt she may have owed Towson.

On December 14, 2004, Weston filed this suit seeking to establish the legal effect of the 2001 dismissal. She asks the Court to declare that the promissory note and the security deed have been satisfied in full. She further alleges that Towson has violated his obligation under state law to cancel the security deed.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue of material fact necessary to defeat a properly supported motion for summary judgment arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). The Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but may not make credibility determinations or weigh the evidence. *See **Anderson***, 477 U.S. at 249. Finally, parties should remain mindful that "the evidence presented cannot consist of conclusory allegations or legal conclusions." ***Avirgan v. Hull***, 932 F.2d 1572, 1577 (11th Cir. 1991).

## III.   LEGAL DISCUSSION

In support of her summary-judgment motion, Weston offers one argument: that the "doctrine of res judicata mandates that this Court declare the Promissory Note and Security

3

Deed satisfied" because "the dismissal of [the 2001 case] with prejudice constituted an adjudication upon the merits of Towson's counterclaim claiming Plaintiff [Weston] was in default of the Note and Security Deed." Pl.'s Brief Supporting Mot. for Summ. J., tab 11, at 7, 8. Elsewhere in her brief, Weston repackages the same argument, stating that the 2001 dismissal "constituted a payment of the principal amount of Two Hundred and No/100 Dollars ($200,000) secured by the Promissory Note and Security Deed." *Id.* at 6.

Weston has cited no legal authority for her position, and it appears to be based on a flawed premise. Weston's argument assumes that when a privately negotiated settlement agreement results in a stipulated dismissal, the court has somehow rendered a decision on the substantive merits of the parties' claims. This assumption is mistaken. *See* 18 MOORE'S FEDERAL PRACTICE ¶ 131.30[3][c][ii] (3d ed. 2004) ("[J]udgments resulting from settlement are a matter of agreement between the parties rather than adjudication of the issues by a court."). When a court dismisses a lawsuit with prejudice after learning that a settlement has been reached, it simply honors the parties' mutual decision to resolve the dispute without judicial intervention. In this case, the stipulated dismissal gave effect to Weston's and Towson's choice to terminate the litigation, but the Court did not delve into the merits of either of the parties' claims. As a result, it is hard to determine any basis for Weston's present argument.

It appears that the doctrine of res judicata may have drawn Weston astray. She argues that the principles of res judicata mandate a finding in her favor. But res judicata is merely a procedural defense to subsequent litigation and does not mandate substantive legal outcomes.

4

"Res judicata actually encompasses two different preclusion doctrines: claim preclusion and issue preclusion.  Claim preclusion bars the litigation of matters that could have been litigated in an earlier suit, but were not. . . .  The preclusive effect of a dismissal with prejudice, an unlitigated matter, thus is examined under the requirements for claim preclusion." *Pelletier v. Zweifel*, 921 F.2d 1465, 1501 (11th Cir. 1991).

"Claim preclusion bars a plaintiff from bringing a subsequent lawsuit when four requirements are met: (1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *Id.* (citation omitted).[2]  With respect to the first requirement, it is well settled "that if a suit has been dismissed with prejudice pursuant to settlement, this is a final judgment that will ground a procedural bar." *Id.*  In other words, a dismissal with prejudice resulting from a settlement is "considered to be on the merits for purposes of claim preclusion." 18 MOORE'S FEDERAL PRACTICE ¶ 131.30[3][c][ii] (3d. ed 2004).  This does not, in a literal sense, mean that the Court resolved the claims presented in the 2001 suit.

The phrase "on the merits"—used to describe a dismissal with prejudice for res-judicata purposes—may have led Weston to erroneously conclude that the Court,

---

[2] The Court will not engage in a full-scale claim-preclusion analysis at this time.  The issue has not be fully briefed by the parties.  But the Court would point out that, to the extent that Weston is attempting to relitigate the claims raised in her 2001 suit, res judicata poses a potential problem.  On the other hand, if this is instead a suit to enforce the terms of the 2001 settlement—a run-of-the-mill breach-of-contract claim—Weston has not pleaded it as such in her complaint.  And a breach-of-contract claim brought by Weston would be somewhat odd, as she argues that there is no binding settlement agreement.

in dismissing the 2001 suit, considered and adjudicated Towson's counterclaim.  Yet the Court did not do so.  And the Court can find no legal authority to support Weston's contrary interpretation of the 2001 dismissal.

## IV.   CONCLUSION

Before summary judgment is appropriate, it must be clear that Weston, as the moving party, is entitled to judgment as a matter of law.  The sole point argued in her motion—that the 2001 dismissal rendered her debt to Towson paid in full—is not supported by any legal authority the Court could find.  Therefore, she is not entitled to prevail as a matter of law.  Her motion for summary judgment is hereby **DENIED.**

SO ORDERED, this 14th day of June, 2005.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew